**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2011

Lyle W. Cayce
Clerk

No. 10-10431
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOMMINIC KELLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-146-2

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Domminic Kelley was convicted of one count of conspiracy to possess and distribute crack cocaine and was sentenced to serve 225 months in prison and a three-year term of supervised release. This court is now presented with his appeal of this sentence. In his sole claim, he argues that the district court's calculation of the amount of drugs that should be used to determine his sentence is erroneous because it was based solely on the uncorroborated statements of his coconspirator. The district court's drug quantity determination is a factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Our review of the record and Kelley's arguments shows that the district court's drug-quantity calculation is plausible in light of the entire record and thus is not clearly erroneous. *See id.* As Kelley adduced no evidence to rebut the factual findings in the presentence report, the district court acted within its discretion by relying on it at sentencing. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). The case on which Kelley relies, *United States v. Mergerson*, 4 F.3d 337, 346-47 (5th Cir. 1993), is materially distinguishable.

Because Kelley not shown that the district court's drug quantity determination was not plausible in light of the record as a whole, he likewise has not shown that the district court committed clear error in calculating the drug quantity for which he was held accountable at sentencing. *See Betancourt*, 422 F.3d at 246. The judgment of the district court is AFFIRMED.